IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISON

| | | |
|---|---|---|
| Jarell Dawkins, | ) | |
| | ) | Civil Action No. 6:22-cv-0774-TMC-JDA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Experian Information Solutions, Inc., | ) | |
| and Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jarell Dawkins ("Plaintiff"), proceeding *pro se*, brought this action against Defendants Experian Information Solutions, Inc. and unknown individuals identified as "Does 1-10," alleging violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). *See* (ECF No. 1). Plaintiff asserts that Experian has failed to both provide him with the appropriate disclosures under the FCRA and to conduct an appropriate review of his credit file to verify or remove inaccurate or inappropriately added reports. In accordance with 28 U.S.C. § 6336(b)(1) and Local Civil Rule 73.02(B)(2)(e)(D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without issuance and service of process as to Defendants Does 1-10. (ECF No. 9 at 7). The magistrate judge found that "the only mention in the Complaint of Defendant Does 1–10 is Plaintiff's cursory assertion that they 'are currently unknown to [him]' and that the 'Complaint will be amended when facts are discovered regarding unknown parties.'" *Id*. at 6 (quoting ECF No. 1 at 4). The Report notes that the "Complaint is otherwise wholly devoid of any allegations about the unknown Doe Defendants" and "contains no

information about the Doe Defendants or their role in the events giving rise to this action." *Id*. Accordingly, the magistrate judge concluded that "Plaintiff has failed to present any allegations of wrongdoing against Defendant Does 1–10 and any claim against them is frivolous as their existence and/or conduct is not apparent from the face of the Complaint." *Id*.

The Report was mailed to Plaintiff at the address he provided the court (ECF. No. 11) and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 9 at 8), but has failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having carefully reviewed the Report and the record in this action, the court agrees with the findings and conclusions set forth by the magistrate judge and adopts and incorporates the Report (ECF No. 9) herein. Accordingly, Defendants Does 1–10 are hereby **DISMISSED** from this action.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 1, 2022
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.