# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISON

| | | |
|---|---|---|
| Jarell Dawkins, | ) | |
| | ) | Civil Action No. 6:22-cv-774-TMC |
| Plaintiff**,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Jarell Dawkins ("Plaintiff"), proceeding *pro se*, brought this action against Defendant Experian Information Solutions, Inc. ("Experian"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").  *See* (ECF No. 1).  Plaintiff asserts that Experian has failed to both provide him with the appropriate disclosures under the FCRA and to conduct an appropriate review of his credit file to verify or remove inaccurate or inappropriately added reports. *See id*.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.  Experian filed a motion for judgment on the pleadings.  (ECF No. 32).  Plaintiff filed a response in opposition to the motion, (ECF No. 42), and Experian submitted a reply, (ECF No. 43).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action for lack of subject matter jurisdiction or, alternatively, grant Experian's motion for judgment on the pleadings.  (ECF No. 45 at 17).  Plaintiff then submitted an objection to the Report, (ECF No. 48), to which Experian replied, (ECF No. 50). The matter is now ripe for review.

In her Report, the magistrate judge first determined that Plaintiff lacks standing under Article III to assert the claims set forth in this action.  (ECF No. 45 at 7).  Specifically, the

magistrate judge concluded Plaintiff cannot satisfy the injury-in-fact requirement because he "failed to allege facts to show a concrete injury to confer standing." *Id*. at 8. The magistrate judge found that Plaintiff has not alleged any tangible harm such as economic damages or loss of a credit opportunity arising from Experian's purported violations of the FCRA. *Id*. at 9. And, to the extent Plaintiff seeks to recover for emotional distress and mental anguish, the magistrate judge determined that "free-standing emotional harm, no matter how deeply felt, cannot suffice for injury-in-fact for standing purposes." *Id*. (internal quotation marks omitted). Alternatively, the magistrate judge determined that Plaintiff failed to state a claim for relief under the provisions of the FCRA at issue in this action—specifically 15 U.S.C. §§ 1681g(a)(1), 1681i(a)(7), and 1681i(a)(5)(A). *Id*. at 11–17. Accordingly, the magistrate judge recommends that the court dismiss Plaintiff's complaint for lack of subject matter jurisdiction or, in the alternative, grant Experian's motion for judgment on the pleadings. *Id*. at 17.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v.*

*One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Plaintiff submitted a single-sentence objection to the Report on the grounds that he never consented to a magistrate judge "conduct[ing] any proceedings in this case."  (ECF No. 48).  Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters involving *pro se* litigants are referred to a magistrate judge for consideration.  Under Local Civil Rule 73.02, when an individual litigant is proceeding *pro se* in this district, as Plaintiff is here, the case is automatically referred to a magistrate judge upon filing.  Local Civil Rule (D.S.C.) 73.02(B)(2)(e).  Furthermore, pursuant to federal statute, a district court does not need a party's consent to designate a magistrate judge to consider dispositive motions and submit "*proposed* findings of fact and recommendations for the disposition[] by a judge of the court[.]"  28 U.S.C § 636(b)(1)(B) (emphasis added).  Instead, the parties may object to the written recommendation

of the magistrate judge, just as Plaintiff has done here.  28 U.S.C § 636(b)(1).  As noted above, the district judge, after considering the Report and any objections, makes the final decision on any dispositive motion.  *See Wimmer*, 774 F.2d at 72.  The referral to the magistrate judge in this case was in accordance with the statutory and local civil rules and did not require Plaintiff's consent. Plaintiff's objection fails to identify any specific error in the Report and does not relate to any findings or conclusions contained therein.  Accordingly, the court overrules Plaintiff's objection. (ECF No. 48).

Having carefully reviewed the Report and the record in this action, the court finds no clear error that would require the court to deviate from the recommendations of the magistrate judge. The court agrees with the findings and conclusions set forth by the magistrate judge and adopts the analysis set forth in the Report.  (ECF No. 45).  Accordingly, for the reasons stated in the Report, the court **DISMISSES** this action for lack of subject matter jurisdiction.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

December 1, 2022
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The court also agrees with the magistrate judge's alternative ruling that Plaintiff failed to state a claim for relief.  However, because the court concludes that dismissal is appropriate as a result of Plaintiff's failure to establish standing under Article III, Experian's motion for judgment on the pleadings (ECF No. 32) is **DENIED as MOOT**.